UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BROOKE L. MOSHER,

    Plaintiff,

        v.                                  Case No. 24-cv-24-JPG

NOAH VALENTINE,

    Defendant.

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.  *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").  The Court has noted the following defect in the jurisdictional allegations of the Complaint (Doc. 1) filed by plaintiff Brooke L. Mosher:

- **Failure to allege a matter over which this Court has jurisdiction.**  A plaintiff must include in her complaint a statement of the grounds for the Court's jurisdiction.  Fed. R. Civ. P. 8(a)(1).  She must also include a statement of her claim showing her entitlement to relief and a demand for such relief.  Fed. R. Civ. P. 8(a)(2)-(3).  In the Complaint, the plaintiff asserts only the parties involved but does not allege any of the things required by Rule 8(a).

The Court hereby **ORDERS** that the plaintiff shall have up to and including **January 26, 2024,** to amend the faulty pleading to correct the jurisdictional defect as well as the other insufficiencies noted above.  *See* 28 U.S.C. § 1653.  Failure to amend the faulty pleading may

result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b).   Amendment of the faulty pleading to reflect

an adequate basis for subject matter jurisdiction will satisfy this order.   The plaintiff need not

seek further leave of Court to file such amended pleading and is reminded that she must sign her

amended pleading.   Fed. R. Civ. P. 11(a).

**IT IS SO ORDERED.**
**DATED:   January 5, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**