UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BROOKE L. MOSHER,<br><br>     Plaintiff,<br><br>     v.<br><br>NOAH VALENTINE AND TOWING COMPANY,<br><br>     Defendant. | Case No. 24-cv-24-JPG |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Brooke L. Mosher's Amended Complaint (Doc. 10).  She filed the Amended Complaint after the Court noted that she had not pled any allegations in her original complaint except the names of the parties, so the Court could not tell whether it had jurisdiction over her claims.  Now that she has pled facts, the Court can say for certain that it does not have subject matter jurisdiction over this case.

Mosher, a citizen of Illinois, complains that her car was wrongfully repossessed in the State of Illinois by an Illinois towing company.  The repossession damaged the car, a Toyota Corolla hatchback.  At the time of the repossession, Mosher had actually brought her account to current, with no balance owed.  She pleads claims labeled negligence, breach of warranty, and consumer fraud, all state law causes of action.

Mosher's allegations do not state a claim under federal law or between citizens of different states, two of the most common bases for federal jurisdiction.  *See* 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332(a) (diversity jurisdiction).  The Court does not recognize in the pleadings a good faith basis for asserting any other source of federal jurisdiction.  Mosher may be able to obtain relief by filing a lawsuit in state court, but this is not the kind of dispute

she may bring to federal court.

Accordingly, the Court finds that it lacks subject matter jurisdiction over this case and:

- **DISMISSES** this case **without** prejudice for lack of subject matter jurisdiction;

- **DENIES** Mosher's motion for leave to proceed *in forma pauperis* (Doc. 4) as she has not alleged a viable cause of action able to be litigated in this court;

- **DENIES** Mosher's motion for recruitment of counsel (Doc. 5) and motion for service of process at government expense (Doc. 6) **as moot** in light of the dismissal of this case; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   February 6, 2024**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**